UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REGINA HEISLER, AS THE EXECUTRIX OF THE SUCCESSION OF FREDERICK P. HEISLER,**     Plaintiff | **CIVIL ACTION**  No. 21-1343 |
| **VERSUS** | |
| **GIROD LOANCO, LLC, ET AL.,**     Defendants | **SECTION "E"(5)** |

## ORDER

Before the Court is Plaintiff Regina Heisler's motion[1] seeking a temporary restraining order, asking this Court, pursuant to its "inherent powers and authority vested by 28 U.S.C. § 1651," to "exercise jurisdiction over" Proof of Claim No. 3 in Regina Heisler's Chapter 7 bankruptcy proceeding, Case No. 20-bk-11509, currently pending in the Eastern District Bankruptcy Court before Judge Grabill, and to disallow the claim.[2]

Federal Rule of Civil Procedure 65 permits federal district courts to issue temporary restraining orders.[3] There are four pre-requisites for granting a temporary restraining order:

> '(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.'[4]

---

[1] R. Doc. 10.
[2] R. Doc. 10 at p. 1–2.
[3] *See* Fed. R. Civ. P. 65.
[4] *Liggins v. King*, No. CIV.A. 208CV227KSMTP, 2008 WL 4937820, at *1 (S.D. Miss. Nov. 14, 2008) (citing *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).

The movant bears the burden of satisfying these prerequisites.[5] Although the grant or denial of a temporary restraining order rests in the discretion of the trial court,[6] the Fifth Circuit has cautioned that a temporary restraining order is "an extraordinary remedy" which "should only be granted if the party seeking the injunction has 'clearly carried the burden of persuasion' on all four requirements."[7] "As a result, '[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule.'"[8] "The denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish any one of the four criteria."[9]

The Court finds that Plaintiff has failed to bear her burden of satisfying the four prerequisites to obtaining a temporary restraining order under Rule 65.

**IT IS HEREBY ORDERED** that Plaintiff's motion for a temporary restraining order[10] is **DENIED**.

**New Orleans, Louisiana, this 9th day of August, 2021.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[5] *Id.* (citing *Canal Auth. of State of Florida v. Callaway,* 489 F.2d 567, 572 (5th Cir. 1974)).
[6] *Id. (citing Canal Auth. of State of Florida*, 489 F.2d at 572).
[7] *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).
[8] *Id.* at 363-64 (quoting *Miss. Power & Light*, 760 F.2d at 621).
[9] *Black Fire Fighters Ass'n of Dallas v. City of Dallas, Tex.*, 905 F.2d 63, 65 (5th Cir. 1990).
[10] R. Doc. 10.