UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REGINA HEISLER, AS THE EXECUTRIX OF THE SUCCESSION OF FREDERICK P. HEISLER,**  Plaintiff | **CIVIL ACTION**  No. 21-1343 |
| **VERSUS** | **SECTION "E"(5)** |
| **GIROD LOANCO, LLC, ET AL.,**  Defendants | |

### ORDER AND REASONS

Before the Court is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), filed by Defendants Girod LoanCo, LLC ("LoanCo) and Girod REO, LLC ("REO") (collectively "Girod").[1] Plaintiff Regina Heisler filed an opposition.[2]

For the reasons stated below, Girod's motion to dismiss is **GRANTED.**

### BACKGROUND

Plaintiff's complaint filed in this Court alleges injuries connected with several state court judgments.[3] An account of the series of state court actions between Plaintiff, Girod LoanCo, LLC ("LoanCo") and Girod REO, LLC ("REO") is warranted.

Federal Deposit Insurance Corporation, as receiver for First NBC Bank, sold LoanCo seven promissory notes executed by Plaintiff.[4] The obligations on six of the notes were secured by multiple indebtedness mortgages on immovable property owned by Plaintiff and located at 4041 Williams Boulevard, Kenner, Louisiana, and 836–844 Baronne Street, New Orleans, Louisiana.[5]

---

[1] R. Doc. 12.
[2] R. Doc. 13-1.
[3] *See* R. Doc. 1.
[4] R. Doc. 1.
[5] R. Doc. 12-1 at p. 3.

1

After Plaintiff defaulted on the notes, LoanCo sought to foreclose the mortgages on 4041 Williams and 844 Baronne.[6] LoanCo filed a verified petition for foreclosure by executory process in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana ("the foreclosure lawsuit").[7] The 24th JDC signed an order of seizure and sale on June 21, 2019.[8] Thereafter, the Sheriff of Jefferson Parish, Louisiana, seized 4041 Williams and set it for Sheriff's sale on October 9, 2019.[9] REO was the highest bidder at the Sheriff's sale and the Sheriff executed a proces verbal deed to REO, which was recorded in the public records on October 26, 2019.[10] 844 Baronne was seized, but the sale of that property was interrupted when Heisler filed a Notice of Removal in the United States District Court for the Eastern District of Louisiana.[11] The case was remanded back to the 24th JDC, and LoanCo was awarded attorney fees because "[Heisler] did not have an objectively reason basis for seeking removal."[12] Upon remand, the sale of 844 Baronne was further delayed due to the effects of the COVID-19 pandemic. The sale was set to proceed on August 27, 2020, but was further delayed because, on that same day, Plaintiff filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Louisiana.[13] Plaintiff's bankruptcy proceeding was eventually converted to a Chapter 7 proceeding.[14] With the approval of the bankruptcy court, the Chapter 7 trustee sold 844 Baronne to REO.[15]

---

[6] *Id.*
[7] *See* R. Doc. 1 at ¶ 34; R. Doc. 1 at p. 60. The state court foreclosure lawsuit is styled *Girod LoanCo, LLC v. Regina B. Heisler, Individually and as the Succession Representative/Executrix of the Succession of Frederick P. Heisler,* No. 793-014 "D," Jefferson Parish, State of Louisiana.
[8] *See* R. Doc. 12-2.
[9] *See id.*
[10] *See id.*
[11] *See Girod LoanCo, LLC, v. Heisler,* No. 19-13150 "G(2)" at R. Doc. 1.
[12] *See id.* at R. Doc. 17 (E.D. La. Dec. 23, 2019).
[13] *See In re Regina Berglass Heisler,* No. 20-bk-11509 (Bankr. E.D. La.).
[14] *Id.* at R. Doc. 51.
[15] *Id.* at R. Doc. 322.

The obligation on the seventh note was secured by funds from a pledged Schwab brokerage account (the "Schwab funds").[16] Plaintiff and LoanCo made competing claims to the Schwab funds.[17] In May 2018, Charles Schwab & Co. filed a concursus action in the Civil District Court for the Parish of New Orleans ("CDC") to determine ownership of the Schwab funds (the "concursus action").[18] On September 5, 2019, the CDC granted summary judgment in favor of LoanCo and against Plaintiff, finding that LoanCo had the superior claim to the Schwab funds.[19] On that same date, the CDC signed and entered a final judgment in favor of LoanCo.[20] Plaintiff did not seek review of the CDC's ruling through the Louisiana appellate court system.

Plaintiff instituted the instant action by filing her complaint on July 14, 2021.[21] In her complaint, Plaintiff alleges that all state court actions by LoanCo against "Heisler properties" must be "vacated nunc pro tunc."[22] Plaintiff's complaint seeks a declaratory judgment from this Court that Girod has "no right to seek aid from Louisiana Courts of law to plunder Regina Heisler."[23] Plaintiff further seeks a declaratory judgment that "Girod did not have the right to present and [sic] judicial demands before any court of this state," and that after such declaration, Plaintiff "will have the right to claw-back all properties illegally taken."[24] Specifically, Plaintiff states this court has subject matter jurisdiction "to declare that all actions by LoanCo stemming from the foreclosure lawsuit filed in the 24th Judicial District Court . . . are nullities for lack of in personam

---

[16] R. Doc. 1 at ¶ 35; R. Doc. 12-1 at p. 5.
[17] R. Doc. 12-1 at p. 4.
[18] The. Concursus action is styled *Charles Schwab & Co, Inc. v. Girod LoanCo, LLC & Regina B. Heisler*, No. 2018-4693 "N," Civil District Court for the Parish of Orleans, State of Louisiana.
[19] R. Doc. 12-4.
[20] *Id.*
[21] *See* R. Doc. 1.
[22] R. Doc. 1 at ¶ 110
[23] *Id.* at ¶ 18.
[24] R. Doc. 2 at ¶ 30.

3

jurisdiction,"[25] and "to declare that all actions by LoanCo presenting judicial demands for the $2.1 million in the Registry of the [Civil District Court for the Parish of Orleans, State of Louisiana in the concursus action] are nullities for lack of in personam jurisdiction."[26] Plaintiff's complaint also asks this Court to order a return to the Succession of both 4041 Williams Boulevard and 844 Baronne Street.[27] The complaint also seeks a sequestration of the rents from 4041 Williams, specifically asking this Court to "order that the rents be deposited to the Registry of the Court pending rulings in Civil Action 21-724."[28]

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[29] A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[30] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[31] "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts."[32] The burden of proof for a Rule 12(b)(1) motion is on the party asserting jurisdiction.[33] The court's dismissal of a case for lack of subject matter jurisdiction is not an adjudication on

---

[25] R. Doc. 1 at ¶ 34.
[26] *Id.* at ¶ 35.
[27] *Id.* at ¶ 36.
[28] Plaintiff's claims against Girod in Case No 21-724 have been dismissed with prejudice. As a result, this claim
[29] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[30] FED. R. CIV. P. 12(b)(1).
[31] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).
[32] *In re FEMA*, 668 F.3d at 287.
[33] *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).

the merits of the plaintiff's case and the decision does not prevent the plaintiff from pursuing a claim in a court that does have jurisdiction.[34]

## LAW AND ANALYSIS

In its motion to dismiss pursuant to Rule 12(b)(1), Girod argues the Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[35] Lower federal courts "do not have the power to modify or reverse state court judgments."[36] A plaintiff "cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief, if these claims are 'inextricably intertwined' with a state judgment."[37] If a federal district court "is confronted with issues that are 'inextricably intertwined' with a state judgment, then the court is 'in essence being called upon to review the state-court decision,' and the originality of the district court's jurisdiction precludes such a review."[38] However, the *Rooker-Feldman* doctrine does not preclude a district court's jurisdiction over an "independent claim," even if it is "one that denies a legal conclusion that a state court has reached."[39]

---

[34] *Id.*
[35] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005) (citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).
[36] *Union Planters Bank Nat. Ass'n. v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004) (quoting *Matter of Reitnauer*, 152 F.3d 341, 343 (5th Cir. 1998)).
[37] *Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009) (unpublished) (citing *U.S. v. Shepherd*, 23 F.3d 923 (5th Cir. 1994)).
[38] *Shepherd*, 23 F.3d at 924 (quoting *Feldman*, 460 U.S. at 482 n. 16, 103 S.Ct. at 1315 n. 16).
[39] *Exxon Mobil*, 544 U.S. at 293 (quoting *GASH Assocs. V. Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)).

5

"[T]he Rooker–Feldman doctrine only applies insofar as a state court judgment merits full faith and credit."[40] The question is whether the order or judgment at issue "was a final state court judgment in a particular case."[41] Louisiana Code of Civil Procedure article 1841 provides that "[a] judgment that determines the merits in whole or in part is a final judgment."[42] Plaintiff complains about the judgment in the concursus action and about the seizure and sale order in the foreclosure action.[43] In the concursus action, the CDC granted LoanCo's motion for summary judgment and signed a "Final Judgment."[44] This was a judgment on the merits in favor of LoanCo, finding that LoanCo had the better claim to the Schwab funds, thereby resolving the concursus action in full.[45] In the foreclosure action, the seizure and sale order is also a final judgment. Under Louisiana law, there are only two avenues for objection to an executory process proceeding: (1) by filing an injunction to arrest the seizure and sale, or (2) by filing a suspensive appeal from the order of seizure and sale.[46] Plaintiff has failed to avail herself of either of these two avenues. Moreover, Plaintiff sought writs from the Louisiana Supreme Court with respect to the foreclosure action, and the Louisiana Supreme Court denied the writs. Plaintiff also filed a Petition for Certiorari in the United State Supreme Court, which was also denied. The 24th JDC's seizure and sale order is now final.

Under the *Rooker-Feldman* doctrine, the Court must determine whether this is a case (1) brought by a state court loser (2) complaining of injuries caused by state court judgments, (3) such judgments were rendered before the federal district court

---

[40] *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).
[41] *Id.* at 461 (quoting *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)).
[42] La. C. Civ. P. art. 1841.
[43] *See* R. Doc. 1.
[44] *See* R. Doc. 12-4.
[45] *See id.*
[46] La. C. Civ. P. art. 2642. *See also* Antoine v. Chrysler Fin. Corp., 782 So.2d 651, 652 (La. Ct. App.2001).

6

precedent.[55] The second element is met as Plaintiff alleges injuries arising from state court judgments.

Finally, the fourth element is met because Plaintiff's complaint—requesting that this Court declare the foreclosure action and concursus action "nullities," and her request that this Court order a return to the succession of 4041 Williams and 844 Baronne—invites this Court to review and reject state court judgments.

*Rooker v. Fidelity Trust Co.* was a suit commenced in federal district court by a state court loser to have an adverse state court judgment of a state court "declared null and void."[56] The state court loser in *Rooker* alleged the state court judgment was rendered in violation of the Constitution of the United States.[57] Because Congress vested only the United States Supreme Court with appellate jurisdiction over state court judgments, the Court in *Rooker* concluded that federal district courts lack appellate authority to review state court judgment and dismissed the claims for lack of subject matter jurisdiction.[58]

Plaintiff filed the instant suit in federal district court seeking to nullify the decisions rendered in the foreclosure action and the concursus action.[59] As to the foreclosure action, the complaint seeks a declaration from this Court "that all actions by LoanCo stemming from the foreclosure lawsuit filed in the 24th Judicial District Court . . . are nullities for lack of in personam jurisdiction."[60] As to the concursus action, the Complaint seeks a declaration from this Court that "all actions by LoanCo presenting judicial demands for the $2.1 million in the Registry of the [CDC] are nullities for lack of in personam jurisdiction."[61]

---

[55] *Id.* at ¶¶ 4, 18.
[56] 263 U.S. 413 (1923).
[57] *Id.* at 414.
[58] *Id.* at 416.
[59] *See* R. Doc. 1.
[60] R. Doc. 1 at ¶ 34.
[61] *Id.* at ¶ 35.

8

Like the state court loser in *Rooker*, Plaintiff here asks this Court to declare state court judgments null. Plaintiff's request that this Court declare null all actions of LoanCo in the 24th JDC is an invitation to reverse the rulings of the 24th JDC. Had the 24th JDC determined it lacked in personam jurisdiction, it would not have entered the seizure and sale order in favor of LoanCo.[62] For this Court to enter an order that the 24th JDC lacked in personam jurisdiction, and that all such rulings in the foreclosure action are nullities, would be a reversal of the rulings of the 24th JDC. Similarly, the requested relief with respect to the concursus action is also an invitation to review and reverse the judgment of the CDC in the concursus action.

Plaintiff also asks this Court to order a return to the Succession of both 4041 Williams and 844 Baronne.[63] In *District of Columbia Court of Appeals v. Feldman*, two graduates from non-ABA accredited law schools petitioned the District of Columbia Court of Appeals to grant their applications for waivers of a court Rule that required D.C. bar applicants to graduate from a law school approved by the ABA.[64] When their waiver applications were denied, the applicants sued the District of Columbia Court of Appeals in federal district court.[65] The applicants challenged the appellate court's application of the Rule to their specific requests, and also challenged the constitutionality of the Rule itself.[66] The United States Supreme Court held "to the extent that [the applicants] sought review in the [federal] District Court of the District of Columbia Court of Appeals' denial

---

[62] the foreclosure action in the 24th JDC, Plaintiff filed a motion to vacate order of executory process, peremptory exception of no right of action, request for expedited hearing and motion to dismiss. In her motion, Plaintiff argued that LoanCo "has not sought authorization to transact any business in Louisiana and therefore cannot present any judicial demand to this Court." On January 6, 2020, the 24th JDC entered an order denying Plaintiff's motion. Additionally, Plaintiff sought a supervisory writ in the Louisiana Fifth Circuit Court of Appeal of the 24th JDC's order. The Louisiana Fifth Circuit denied the writ application, and her request for reconsideration. See Louisiana Fifth Circuit Court of Appeals Writ Denial, Case No. 20-C-56, dated March 5, 2020.
[63] R. Doc. 1 at ¶ 36.
[64] 460 U.S. 462 (1983).
[65] *Id.*
[66] *Id.*

9

of their petitions for waiver, the District Court lacked subject-matter jurisdiction over their complaints."[67] Furthermore, the Court held the federal district court lacked subject matter jurisdiction over the applicants' charge that the District of Columbia Court of Appeals acted arbitrarily in denying their waiver applications because that charge was "inextricably intertwined" with the appellate court's decision to deny their applications.[68]

4041 Williams and 844 Baronne were seized pursuant to the 24th JDC's seizure and sale order. Both of the seized properties were eventually sold to REO. Ownership over the properties is "inextricably intertwined" with the judgment of the 24th JDC in the foreclosure action because REO came into ownership of the properties as a result of the 24th JDC's seizure and sale order. It is inherent in the seizure and sale order that the 24th JDC determined LoanCo had a right to seize 4041 Williams and 844 Baronne. A ruling from this Court ordering REO to give the property back to the Succession would be tantamount to overturning the rulings from the 24th JDC in the foreclosure action.

## CONCLUSION

**IT IS HEREBY ORDERED** that the motion to dismiss for lack of subject matter jurisdiction,[69] filed by Girod LoanCo, LLC and Girod REO, LLC, is **GRANTED**. Plaintiff's claims against Girod LoanCo, LLC and Girod REO, LLC, are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 9th day of September, 2021.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[67] *Id.* at 482.
[68] *Id.* at 486–87.
[69] R. Doc. 12.